UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RAHUL DEV MANCHANDA<br><br>*Debtor.* | |
| RAHUL DEV MANCHANDA,<br><br>*Appellant*,<br><br>v.<br><br>DOUGLAS M. SENDEROFF, *et al.*<br><br>*Appellee*. | No. 24-CV-7284 (KMK)<br><br>ORDER & OPINION |

KENNETH M. KARAS, United States District Judge:

Appearances:

Rahul Dev Manchanda
New Rochelle, NY
*Pro Se Debtor-Appellant*

David D. Lin, Esq.
Lewis and Lin LLC
Brooklyn, NY
*Counsel for Appellee Douglas M. Senderoff*

Leo V. Gagion, Esq.
NYS Office of The Attorney General
New York, NY
*Counsel for Appellee Hon. Dakota Ramseur*

KENNETH M. KARAS, United States District Judge:

Debtor Rahul Dev Manchanda ("Appellant") appeals from an order of the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") denying a number of

Appellant's motions and granting Appellant Douglas M. Senderoff's motion for a lift of the automatic stay. (*See* Not. of Appeal 1 (Dkt. No. 1).)[1] For the reasons stated below, the appeal is denied, and the Bankruptcy Court's orders are affirmed.

I. Background

Because of the significant overlap between the relevant facts and procedural history, the Court recites both as one narrative. *See Guida v. Fed. Deposit Ins. Corp.*, No. 11-CV-9, 2020 WL 2615924, at *1 (E.D.N.Y. May 21, 2020) ("Where, as here, the procedural history and [] facts are often one in the same or are closely intertwined, the Court will recite them together for purposes of this [appeal].").

On March 8, 2019, Appellee Senderoff filed a complaint against Appellant in New York state court, alleging that Appellant made a series of false and defamatory statements against him, and asserting claims for defamation, tortious interference, intentional infliction of emotional distress, abuse of process, and malicious prosecution, and seeking a permanent injunction. *See* Complaint, Senderoff v. Manchanda, No. 152538/2019 (N.Y. S. Ct.) (Dkt. No. 1). Appellee Hon. Dakota Ramseur was assigned to the state court action (the "State Court Action"). *See generally* Senderoff v. Manchanda, No. 152538/2019.[2] On June 2, 2022, Senderoff filed a

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper right corner of each page. However, insofar as it cites to various court transcripts, the Court cites to the internal page and line numbers.

[2] In filings with the Bankruptcy Court, Senderoff alleges that Appellant engaged in a number of tactics designed to delay the state court proceedings, including filing multiple appeals, suing multiple judges, removing the case to federal district court, appealing a remand order to the Second Circuit, and filing a petition to the Supreme Court. (*See* Senderoff Mot. 4.)

The Court notes that Appellant has a history of dilatory tactics. *See In re Manchanda*, No. 23-11805, 2025 WL 1374614, at *11–12 (Bankr. S.D.N.Y. May 12, 2025) (imposing a filing injunction on Appellant); *Manchanda v. Attorney Grievance Comm. for the First Judicial Dep't*, No. 23-CV-3356, 2023 WL 3091787, at *2 (S.D.N.Y. Apr. 26, 2023) (noting that Mr.

motion seeking entry of default judgment against Appellant. (*See* Opp. of Dakota Ramseur ("Ramseur Opp.") at ¶ 4, *In re Manchanda*, No. 23-22095 (Bankr. SDNY) (Dkt. No. 143).) Briefing for the default motion was completed by July 25, 2022. (*See id.*)

On February 4, 2023, Appellant filed for bankruptcy. (*See generally* Ch. 7 Petition, *In re Manchanda*, No. 23-22095 (Bankr. SDNY) (Dkt. No. 1).) On March 7, 2023, Senderoff moved for relief from the Bankruptcy Court's automatic stay, (*see generally* Mot. for Relief from Automatic Stay ("Senderoff Mot.") *In re Manchanda*, No. 23-22095 (Bankr. SDNY) (Dkt. No. 12)), which the Bankruptcy Court denied without prejudice, (*see* Apr. 6 Hearing Tr. at 18:8–19:15, *In re Manchanda*, No. 23-22095 (Bankr. SDNY) (Dkt. No. 28)). That same day, Appellant filed a notice of his bankruptcy proceedings in the State Court Action. *See* Bankr. Not, *Senderoff v. Manchanda*, No. 152538/2019 (N.Y. S. Ct.) (Dkt. No. 188). The State Court stayed the State Court Action pending the determination of the bankruptcy case on February 8, 2024. *See* Order Staying Proceedings, *Senderoff v. Manchanda*, No. 152538/2019 (N.Y. S. Ct.) (Dkt. No. 189).

Notwithstanding the stay it ordered, on July 29, 2024, the State Court issued a decision granting Appellee Senderoff's motion for default judgment (the "Default Opinion") in the State Court Action. *See* Default Opinion at 18, *Senderoff v. Manchanda*, No. 152538/2019 (N.Y. S. Ct.) (Dkt. No. 193). On August 6, 2024, Appellant filed a Motion for Contempt against Appellee Ramseur in the Bankruptcy Court, arguing that the default judgment violated the automatic stay.

---

Manchanda has been "warned [of] the continued filing of frivolous or meritless lawsuits would result in an order . . . barring [him] from filing any new action in this Court without prior permission"); *Manchanda v. Matties*, No. 18-CV-11092, 2020 WL 1940668, at *3 (S.D.N.Y. Apr. 22, 2020) ("In recent years, numerous lawsuits brought by [Mr. Manchanda] have been dismissed as frivolous.") (citing cases); *see id*. ("[Manchanda] has repeatedly been warned that he will be barred from filing suit in this District if he continues to file frivolous actions.").

(*See* Mot. for Sanctions, *In re Manchanda*, No. 23-22095 (Bankr. SDNY) (Dkt. No. 133).) On August 12, 2024, the State Court vacated the default judgment. *See* Not. of Vacatur, Senderoff v. Manchanda, No. 152538/2019 (Dkt. No. 196). On August 13, 2024, Appellant filed a letter with the Bankruptcy Court requesting that it hold Ramseur in the "most ultimate form of contempt" despite the fact that the default judgment had been vacated. (*See* Mot. for Sanctions 1.) Ramseur filed her Opposition on September 5, 2024. (*See* Ramseur Opp.) Appellant filed his Reply on September 6, 2024. (*See* Appellant Rep., *In re Manchanda*, No. 23-22095 (Bankr. SDNY) (Dkt. No. 149).)

Separately, on August 15, 2024, Senderoff moved in the Bankruptcy Court to renew his request for relief from the automatic stay. (*See* Renew Mot. for Relief from Automatic Stay ("Senderoff Mot. II"), *In re Manchanda*, No. 23-22095 (Bankr. SDNY) (Dkt. No. 135).) Appellant filed his Opposition on August 29, 2024. (*See* Appellant Opp. to Mot. for Relief from Stay ("Appellant Opp."), *In re Manchanda*, No. 23-22095 (Bankr. SDNY) (Dkt. No. 145).)

On September 12, 2024, the Bankruptcy Court held a status conference (the "September Conference") on these pending motions. (*See* Sept. 12 Status Conf. Tr. ("Sept. 12 Tr."), *In re Manchanda*, No. 23-22095 (Bankr. SDNY) (Dkt. No. 168).) The Bankruptcy Court denied Appellant's Motion for Sanctions and his Motions to Implead and granted Senderoff relief from the automatic stay. (*See* Sept. 12. Tr. 16:12–16 (striking impleader motions as "lacking basis in law and fact") 21:20–22:11 (denying sanctions motion), 31:21–39:13 (granting Senderoff relief from automatic stay).)

Appellant filed this appeal on September 26, 2024. (*See* Not. of Appeal.) On April 22, 2025, the Court ordered Appellant to file his designation of record on appeal and statement of issues to be presented. (*See* Apr. 22, 2025, Order (Dkt. No. 2).) Appellant filed the requisite

documentation, (*see* Dkt. No. 5), and the Clerk of Court designated the record as complete, (*see* Dkt. No. 10). The Court then set an expedited briefing schedule. (*See* Dkt. No. 11.) Appellant filed his appellate brief on August 9, 2025, (*see* Dkt. No. 13); Appellees filed their responses on August 28, 2025, and August 29, 2025, (*see* Dkt. Nos. 14, 16); and Appellant replied on September 2, 2025, (*see* Dkt. Nos. 18, 19).

## II. Discussion

### A. Standard of Review

District courts have jurisdiction to review final bankruptcy orders. *See* 28 U.S.C. § 158(a)(1) ("The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges . . . ." (footnote omitted)); *In re DBSD N. Am., Inc.*, 634 F.3d 79, 88 (2d Cir. 2011) (noting that district courts have jurisdiction to "review all final judgments, orders, and decrees of the bankruptcy courts" (citation omitted)). "[A] bankruptcy judge's order is final if it completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882, 885 (2d Cir. 1996) (quotation marks omitted). "This Court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *In re DeFlora Lake Dev. Assocs., Inc.*, 629 B.R. 354, 358 (S.D.N.Y. 2021) (quotation marks omitted) (quoting *In re Bernard L. Madoff Inv. Sec., LLC*, No. 15-CV-1151, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016)).

In general, "[a] district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo." *See In re Fogarty*, No. 18-CV-3324, 2020 WL 13442114, at *2 (E.D.N.Y. July 1, 2020) (citing *In re Bonnanzio*, 91 F.3d 296, 300 (2d Cir. 1996)), *aff'd in relevant part and remanded*, 39 F.4th 62 (2d Cir. 2022). However, the Court will review the

Bankruptcy Court's decision to lift the automatic stay for abuse of discretion. *See Boissard v. Specialized Loan Servicing, LLC*, No. 19-CV-4280, 2020 WL 9815999, at *3 (E.D.N.Y. Sept. 25, 2020) (collecting cases); *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 507 (E.D.N.Y. 2018) (reviewing decision to lift automatic stay for abuse of discretion).[3]

B. Analysis

1. Lifting of the Automatic Stay

Upon the request of a "party in interest" and after notice and a hearing has been held, Section 362(d) of the Bankruptcy Code permits a court to "grant relief from the stay . . . such as by terminating annulling, modifying, or conditioning such stay . . . for cause." 11 U.S.C. § 362(d). "Cause" may exist when there is a "lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). "Modifying a stay for cause is an 'exercise of equitable discretion' and 'is reviewed for abuse of discretion.'" *Russo v. Wilmington Sav. Fund Soc'y, FSB*, No. 23-CV-8275, 2025 WL 788932, at *6 (E.D.N.Y. Mar. 12, 2025) (quoting *In re Salander-O'Reilly Galleries, LLC*, 475 B.R. 9, 19 (S.D.N.Y. 2012)). "In reviewing a bankruptcy court's grant of relief from an automatic stay under section 362(d)(1), the district court considers

---

[3] Ordinarily, where a Debtor-Appellant appeals pro se, the Court is "required to construe [the] pleadings 'liberally to raise the strongest arguments that they suggest.'" *In re Mongiello*, No. 24-CV-694, 2025 WL 227807, at *3 (S.D.N.Y. Jan. 17, 2025) (quoting *Amelio v. Piazza*, No. 19-CV-5944, 2020 WL 5535241, at *3 (S.D.N.Y. Sept. 15, 2020)). However, Appellant is a disbarred attorney. *See generally Matter of Manchanda*, 222 N.Y.S.3d 42 (2024) (affirming disbarment by the New York State Attorney Grievance Committee), *appeal dismissed*, 257 N.E.3d 927 (2025). In such a circumstance, the solicitude that is normally afforded to pro se plaintiffs does not apply. *See Mergenthaler v. Zimbler*, No. 23-CV-6926, 2025 WL 1358518, at *15 n.9 (E.D.N.Y. Jan. 30, 2025) ("[The] solicitude typically afforded to pro se plaintiffs does not apply to [the plaintiff], a former attorney who has since been disbarred"), *report and recommendation adopted in relevant part*, No. 23-CV-6926, 2025 WL 591125 (E.D.N.Y. Feb. 24, 2025); *see also Zappin v. Comfort*, No. 23-CV-7363, 2024 WL 5001624, at *2 (2d Cir. Dec. 6, 2024) (noting the pro se plaintiff, a former attorney with extensive experience, is not entitled to the "special solicitude" normally extended to pro se litigants).

whether cause exists." *In re Mongiello*, No. 24-CV-694, 2025 WL 227807, at *4 (S.D.N.Y. Jan. 17, 2025) (quoting *Boissard v. Specialized Loan Servicing, LLC*, No. 19-CV-4280, 2020 WL 9816005, at *4 (E.D.N.Y. Nov. 24, 2020)). "The term for cause is a broad and flexible concept that must be determined on a case-by-case basis." *Russo*, 2025 WL 788932, at *7 (alterations adopted) (internal quotation marks and citations omitted) (quoting *Osuji v. Deutsche Bank, N.A.,* 589 B.R. 502, 508 (E.D.N.Y. 2018)).

"When requesting relief from the automatic stay for cause, '[t]he movant must make an initial showing of cause, and then the burden shifts to the party opposing the motion to prove that it is entitled to the continued protections of the automatic stay.'" *In re Mongiello*, 2025 WL 227807, at *5 (quoting *In re Great Atl. & Pac. Tea Co*., 467 B.R. 44, 55 (S.D.N.Y. 2012), *aff'd sub nom. Grocery Haulers, Inc. v. Great Atl. & Pac. Tea Co*., 508 F. App'x 63 (2d Cir. 2013)). "In addition, to determine whether cause exists to permit litigation against the debtor to continue in another court, the Court considers the non-exclusive list of factors . . . set forth by the Second Circuit in *In re Sonnax Industries, Inc.*" *Id*. (quoting *Boissard*, 2020 WL 9816005, at *4). The *Sonnax* factors include:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., Inc*., 907 F.2d 1280, 1286 (2d Cir. 1990). "A reviewing court has wide discretion to apply the *Sonnax* factors as it sees fit based on the 'facts underlying a given

motion.'" *Boissard*, 2020 WL 9816005, at *5; *see also Musso v. Hirsch*, Nos. 08-CV-4735, 08-CV-4532, 2011 WL 4543225, at *6 (E.D.N.Y. Sept. 29, 2011) ("The list is non-exclusive and a court need not consider each factor in every case or give each factor the same weight.").

During the September Conference, the Bankruptcy Court applied the *Sonnax* factors in deciding whether relief from the stay was appropriate. (*See* Sept. 12 Tr. 32:18–34:15.) The Bankruptcy Court determined that relief was appropriate in this case because resolution of the State Court Action (except as to dischargeability) could partially or completely resolve the issues before the Bankruptcy Court. (*See id.* 34:16–37:21.) In support of its conclusion, the Bankruptcy Court noted that the Chapter 7 proceedings had dragged on for an inordinate amount of time. (*See id*. 34:16–35:9.) The Bankruptcy Court also noted that Senderoff had agreed that the stay would be lifted only for purposes of determining liability, rather than execution of any judgment obtained. (*See id*. 37:13–16.) Considering these factors, the Bankruptcy Court granted Senderoff relief from the stay to obtain judgment in the State Court Action. (*See id*. 38:18–39:2.)

The Court concludes that the Bankruptcy court did not abuse its discretion in reaching this decision. Proceeding with the State Court Action will resolve Senderoff's substantive claims against Appellant, leading to a partial resolution of the issues in the adversary proceeding. Furthermore, the State Court Action has been pending since 2019, *see generally* Senderoff v. Manchanda, No. 152538/2019 (N.Y. S. Ct.), while this Action has been pending for two years without any substantive progress, (*see* Sept. 12 Tr. 34:20–22 ("The case was filed in February of 2023 in a Chapter 7 case, and we are not close to the end yet.")). And relief is unlikely to interfere with the work of the Bankruptcy Court or the rights of other creditors (as the relief would be limited to determination of liability between the two Parties). (*See id*. 37:13–16.)

These facts suggest relief from the automatic stay was appropriate—or at the very least, not an abuse of discretion. *See In re Mongiello*, 2025 WL 227807, at *5 (upholding relief from stay on appeal where the underlying state claim had been pending for some time, where resolution of the issue would not interfere with the bankruptcy case, and where the debtor had failed to comply with multiple court orders); *In re Residential World Dev., LLC*, No. 24-10793, 2024 WL 4863614, *1–3 (Bankr. W.D.N.Y. Nov. 21, 2024) (concluding that relief from stay was appropriate where, inter alia, the state court action would resolve parties' claims and counterclaims and where the state court action had been pending for two years); *In re Singe*, No. 23-60637-6, 2023 WL 7211300, at *2 (concluding that relief from a bankruptcy stay was appropriate where conclusion of the underlying state court actions would result in partial resolution of the issues, where the bankruptcy court retained jurisdiction over the dischargeability issues, where other creditors were unlikely to be affected, and where the state court had significant involvement in the outcome of the issues).

For the foregoing reasons, the Court concludes the Bankruptcy Court's decision did not constitute an abuse of discretion.

2. Denial of Contempt Motion Against Ramseur

Appellant also appeals the Bankruptcy Court's denial of his Sanctions Motion against Ramseur. (*See* Not. of Appeal 1.) During the September Hearing, the Bankruptcy Court concluded that Ramseur's default judgment was "void ab initio," and that there was no evidence that the default judgment was issued in willful violation of the stay. (*See* Sept. 12 Tr. 21:1–3, 21:20–22:11.) Appellant appeared to concede the lack of such evidence at the September Hearing, stating that he would not have filed the motion had Judge Ramseur issued a correction earlier. (*See id*. 21:6–13.)

"Section 362(k) of the Bankruptcy Code directs that, subject to limited exceptions that do not apply here, 'an individual injured by any willful violation' of the automatic stay 'shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.'" *In re Wood*, No. 24-11718, 2025 WL 1392194, at *6 (Bankr. S.D.N.Y. May 13, 2025) (quoting *In re Resnicow*, No. 24-10354, 2024 WL 1773433, at *6 (Bankr. S.D.N.Y. Apr. 24, 2024) (quoting 11 U.S.C. § 362(k)(1))). "Willfulness in this setting is understood as any deliberate act taken in violation of a stay, which the violator knows to be in existence." *Id.* (internal quotation marks and citations omitted) (quoting *In re Crawford*, 476 B.R. 83, 86 (S.D.N.Y. 2012).

"In reviewing a decision of a bankruptcy court, the district court may affirm on any ground supported by the record." *In re Avianca Holdings S.A.*, No. 21-CV-10118, 2024 WL 4384219, at *4 (S.D.N.Y. Oct. 3, 2024) (citing *Freeman v. J. Reg. Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010)). Here, the Court concludes that it need not reach the question of whether Ramseur's order constituted a willful violation of the automatic stay, because Judge Ramseur has absolute immunity for judicial acts, including issuing an opinion.

"The Second Circuit has held that 'absolute immunity is appropriate for judges in the exercise of their judicial function.'" *McCarra v. Flint*, No. 25-CV-501, 2025 WL 1825559, at *5 (N.D.N.Y. July 1, 2025) (quoting *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995)). "Judicial immunity is overcome in only two circumstances: (1) where the actions were not taken in their judicial capacity; and (2) where the actions, though judicial in nature, were taken in complete absence of all jurisdiction." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). "The proper analysis for determining whether judicial immunity has been overcome is to address the 'nature of the act' rather than the 'impropriety of the act' to protect judges from being

deprived of immunity simply because they made an error or unintentionally exceeded their authority." *Washington v. Pelella*, No. 25-CV-229, 2025 WL 1332888, at *2 (N.D.N.Y. Mar. 28, 2025), *report and recommendation adopted*, No. 25-CV-229, 2025 WL 1243304 (N.D.N.Y. Apr. 30, 2025).

Appellant has failed to show that either exception applies in this case. First, Appellant's claim against Judge Ramseur is based on the issuance of a default judgment, a decision made in her role as the presiding judge in the State Court Action. *See Hunter v. McMahon*, 751 F. Supp. 3d 246, 253 (W.D.N.Y. 2024) ("[A]cts arising out of, or related to, individual cases before [a] judge [generally] are considered judicial in nature." (citation omitted)); *Evans v. Adams*, 714 F. Supp. 3d 119, 126 (E.D.N.Y. 2024) (concluding that the challenged action was a "judicial act" where the "allegations against [the judge arose] from orders she issued in her judicial capacity while presiding over proceedings involving [the plaintiff]").

Second, Judge Ramseur's actions were not taken "in absence of all jurisdiction." Courts that have considered the issue have found that an automatic bankruptcy stay does not divest the court of all jurisdiction, and therefore that the violation of an automatic bankruptcy stay is not an act taken in absence of all jurisdiction. *See Agrawal v. Courts of Oklahoma*, 764 Fed. Appx. 809, 811 (10th Cir. 2019) ("[A]n automatic bankruptcy stay did not deprive Judge Ogden of subject-matter jurisdiction, broadly construed, over the state-court case. Thus, even were Judge Ogden to take action in violation of the stay, his act would not be in clear absence of all jurisdiction, and he would therefore still be immune from suit."); *Matter of Chaban*, No. 14-CV-14559, 2015 WL 5026079, at *4 (E.D. Mich. Aug. 25, 2015) ("[E]ven if Judge Borman had violated the stay, she merely would have acted in excess of jurisdiction and her immunity would remain intact. A number of decisions from across the country hold that court officials who

violate the automatic stay remain protected by judicial immunity.") (citing cases); *Ryan v. Cholakis*, No. 13-CV-1451, 2014 WL 803776, at *2 (N.D.N.Y. Feb. 25, 2014) ("[F]or the purpose of judicial immunity, there is a critical difference between a judicial act taken in *excess* of jurisdiction and a judicial act take in the clear *absence* of jurisdiction. Generally, violating a stay, in and of itself, does not appear to be an act in the clear absence of jurisdiction."); *Burton v. Infinity Capital Mgmt.*, No. 11-CV-1129, 2012 WL 607417 at *11 (D. Nev. Feb. 24, 2012) ("Judge Israel did act in *excess of his jurisdiction* when he attempted to continue the state interpleader case in light of the automatic stay. . . . Nevertheless, immunity protects Judge Israel from acting in excess of his jurisdiction . . . ." (emphasis added)); *In re Womack*, 253 B.R. 241, 242–43 (E.D. Ark. 2000) ("Judicial officers . . . are immune from damage suits such as these . . . . This rule holds true even where the action seeks damages for violation of the automatic stay.") (omitting citations)).

For the foregoing reasons, the Court concludes that judicial immunity applies to Judge Ramseur's default judgment.

III. Conclusion

For the reasons set forth herein, the appeals are denied, and the orders of the Bankruptcy Court are affirmed.[4] The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: September 24, 2025
White Plains, New York

KENNETH M. KARAS
United States District Judge

[4] Appellant also appears to challenge the Bankruptcy Court's failure to "consider" his counterclaims and motions for impleader of various parties relevant to his underlying State Court Action (*See* Not. of Appeal 1.) However, as Judge Lane held, motions related to the underlying substantive dispute between the Parties are before the State Court, rather than the Bankruptcy Court. (*See* Sept. 12 Tr. 37:1–7, 56:3–57:8.) The adversary proceeding involving Appellant and Senderoff relates only to dischargeability, not the underlying substantive claims. (*See* Motion to Amend, Ex. A ("Amended Complaint") at ¶¶ 52–62, *Senderoff v. Manchanda*, No. 23-7008 (Bankr. SDNY) (Dkt. No. 22-1) (asserting a single cause of action: non-dischargeability).)